Karen KELLY, Plaintiff—Appellant,

v.

SKYTEL COMMUNICATIONS, INC., a corporation, Defendant—Appellee.

No. 00–17089.

D.C. No. CV–99–21071–RMW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2001.

Decided Feb. 25, 2002.

Before HUG, D.W. NELSON and HAWKINS, Circuit Judges.

MEMORANDUM *

Karen Kelly ("Kelly") appeals the district court's grant of summary judgment in favor of SkyTel Communications, Inc. ("SkyTel") on her breach of contract and promissory fraud claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review *de novo* the district court's grant of summary judgment. *Clicks Billiards Inc. v. Sixshooters, Inc.,* 251 F.3d 1252, 1257 (9th Cir.2001). " 'Because this action was removed to federal district court under diversity jurisdiction, the substantive law of California, the forum state, applies.' " *Stanford Ranch, Inc. v. Md. Cas. Co.,* 89 F.3d 618, 624 (9th Cir.1996) (quoting *St. Paul Fire & Marine Ins. Co. v. Weiner,* 606 F.2d 864, 867 (9th Cir. 1979)). We reverse the district court's judgment regarding Kelly's breach of contract claims, and we affirm it with respect to her promissory fraud claims. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here.

I

On appeal, Kelly makes two arguments with respect to her breach of contract claims. First, she asserts that SkyTel's compensation agreement does not allow the company unlimited discretion in awarding over-the-maximum sales commissions, and that therefore the implied covenant of good faith and fair dealing governs SkyTel's award of such commissions. Second, she submits that she tendered sufficient evidence to create a triable issue of fact as to whether SkyTel breached the implied covenant of good faith and fair dealing by deciding arbitrarily and on the basis of inadequate information to give her only half of her requested over-the-maximum commission, and to award the other half to her manager Steve Holetz ("Ho-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

letz"). We find both arguments meritorious.

■ California law implies in every contract a covenant of good faith and fair dealing, unless the contract expressly states otherwise. *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal.4th 342, 6 Cal.Rptr.2d 467, 826 P.2d 710, 726–28 (Cal.1992) (In Bank). The covenant of good faith and fair dealing aims to effectuate the contract's purposes and promises, and to protect the parties' legitimate expectations based upon the terms of the contract. *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 254 Cal.Rptr. 211, 765 P.2d 373, 389–90 (Cal.1988) (In Bank). The covenant requires each party to do all things reasonably contemplated by the contract's terms to accomplish its goals, and to refrain from doing anything that would destroy or injure another party's right to receive the fruits of the contract. *Kendall v. Ernest Pestana, Inc.*, 40 Cal.3d 488, 220 Cal.Rptr. 818, 709 P.2d 837, 844 (Cal.1985) (In Bank); *Ocean Servs. Corp. v. Ventura Port Dist.*, 15 Cal. App.4th 1762, 19 Cal.Rptr.2d 750, 760–61 (Cal.Ct.App.1993). Thus, when a contract confers on one party a discretionary power affecting the rights of another, the party with the discretionary power must exercise it in good faith and in accordance with fair dealing. *Carma Developers*, 6 Cal.Rptr.2d 467, 826 P.2d at 726.

However, California law allows parties to opt out of the covenant of good faith and fair dealing. When a contract expressly confers unrestricted discretion on one party, courts may not imply a covenant of good faith and fair dealing to limit that party's discretion and contradict the contract's express terms. *Carma Developers*, 6 Cal.Rptr.2d 467, 826 P.2d at 727–28; *Brandt v. Lockheed Missiles & Space Co.*, 154 Cal.App.3d 1124, 201 Cal.Rptr. 746, 749 (Cal.Ct.App.1984); *Third Story Music, Inc. v. Waits*, 41 Cal.App.4th 798, 48 Cal. Rptr.2d 747, 749–53 (Cal.Ct.App.1995). The district court found that SkyTel's compensation agreement expressly granted the company absolute discretion in awarding over-the-maximum sales commissions, and that therefore no covenant of good faith and fair dealing governed SkyTel's decision to split Kelly's requested over-the-maximum commission between Kelly and Holetz. We disagree.

Kelly signed SkyTel's "Account Executive Compensation Plan." The Plan states its purpose at the outset: "To attract high performing sales professionals, SkyTel desires to provide an incentive plan with high earnings potential." Thus, the compensation package for Account Executives like Kelly "includes both a base salary and eligibility for monthly commissions." The Plan then describes how SkyTel determines Account Executives' monthly commissions. Particularly relevant to this case, the "maximum compensable performance" under the Plan is 500% of an Account Executive's monthly quota. The Plan specifies, "Any consideration for payment above the maximum must be reviewed and approved by the Excellence Committee in compliance with the published Excellence Committee criteria and process."

The criteria and process that the Plan references are set forth in a separate document, called "Excellence Committee Mission, Process And Criteria." This document states: "The purpose of the Excellence Committee process is to provide the sales channels a process by which to reward extraordinary effort and corresponding paging unit production which the respective channel managers deem worthy of such reward." The Excellence Committee document goes on to outline the process for submitting requests for over-the-maximum sales com-

missions. Specifically, all submission amounts must be "calculated by multiplying the total of production/quota percentage points above the maximum compensable percentage by the per point payout as defined in the applicable sales plan." However, "[t]he Committee reserves the right to use other means to determine a suitable payout. If this occurs, a description of the process will be communicated to the channel head." The Excellence Committee document also sets forth criteria that must be satisfied before the Committee will award an over-the-maximum sales commission. Nonetheless, "[t]he Committee has the right to modify or change the criteria at any time and has final decision on any over maximum payments."

Under California law, "what [the implied covenant of good faith and fair dealing] embraces is dependent upon the nature of the bargain struck between [the parties] and the legitimate expectations of the parties which arise from the contract." *Commercial Union Assurance Cos. v. Safeway Stores, Inc.*, 26 Cal.3d 912, 164 Cal.Rptr. 709, 610 P.2d 1038, 1041 (Cal.1980). SkyTel's compensation arrangement clearly grants the company's Excellence Committee the sole power to select the means and criteria used in determining "a suitable [over-the-maximum] payout." Moreover, pursuant to the agreement, the Committee unilaterally makes the "final decision" regarding what is "a suitable [over-the-maximum] payout." At the same time, the compensation agreement promises the

company's Account Executives "an incentive plan with high earnings potential" that "includes both a base salary and eligibility for monthly commissions." To effectuate this promise, SkyTel commits to providing its Account Executives with "a process by which to reward extraordinary effort and corresponding extraordinary paging unit production."

California law requires that "[t]he whole of a contract is to be taken together, so as to give effect to every part, ... each clause helping to interpret the other." Cal. Civ.Code § 1641; *Sy First Family Ltd. P'ship et al. v. Cheung*, 70 Cal. App.4th 1334, 83 Cal.Rptr.2d 340, 345 (Cal.Ct.App.1999). Reading SkyTel's compensation agreement as a whole, we find that it does not allow the company unlimited discretion in awarding over-the-maximum commissions. Rather, the agreement contemplates that SkyTel will exercise its discretion consistent with its promise to provide its Account Executives with an incentive compensation arrangement that offers them an opportunity to earn over-the-maximum commissions when they have demonstrated extraordinary effort and made extraordinary sales. Accordingly, we find that the implied covenant of good faith and fair dealing governs SkyTel's exercise of its discretionary powers. *See Carma*, 6 Cal.Rptr.2d 467, 826 P.2d at 726 ("The covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another.").[1] Specifically, SkyTel's Excel-

---

1. The district court declined to imply the covenant of good faith and fair dealing on the ground that *Brandt v. Lockheed Missiles & Space Co.*, 154 Cal.App.3d 1124, 201 Cal.Rptr. 746 (Cal.Ct.App.1984), precluded any such implication. We find *Brandt* distinguishable from the case before us. In the contract in *Brandt*, the company-employer fully reserved its right to decide whether to grant an inven-

tor-employee a Special Invention Award, offering no countervailing promise to make the award part of an incentive compensation package that rewards performance which the company deems extraordinary with a suitable payment. This countervailing promise by SkyTel differentiates the case at hand from *Brandt*, and also limits how SkyTel may exer-

lence Committee may not select means and criteria for awarding over-the-maximum commissions that would injure Account Executives' legitimate expectations that the company will give them a fair chance of realizing over-the-maximum commissions when they have performed exceptionally. *See Kendall,* 220 Cal.Rptr. 818, 709 P.2d at 844 (pursuant to the implied covenant of good faith and fair dealing, "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract . . . .") (quoting *Universal Sales Corp. v. Cal. Press Mfg. Co.,* 20 Cal.2d 751, 128 P.2d 665, 677 (Cal.1942) (In Bank)). Furthermore, when the Committee decides that an Account Executive's performance merits a particular over-the-maximum award, the Committee must make this decision in good faith and in accordance with fair dealing. *See Kendall,* 220 Cal.Rptr. 818, 709 P.2d at 845 ("[W]here a contract confers on one party a discretionary power affecting the rights of the other, a duty is imposed to exercise that discretion in good faith and in accordance with fair dealing.") (quoting *Cal. Lettuce Growers v. Union Sugar Co.,* 45 Cal.2d 474, 289 P.2d 785, 791 (Cal.1955) (In Bank)).

■ Kelly claims that SkyTel breached the implied covenant of good faith and fair dealing when the Excellence Committee, possessing only minimal information regarding her work on the sales transaction at issue, decided arbitrarily that her effort and performance deserved only half of her requested over-the-maximum commission, and that Holetz's effort and performance merited the other half, in addition to the full amount of his requested over-the-maximum commission. We have already decided that California law requires the company's Excellence Committee to act in good

faith and in accordance with fair dealing when exercising its "right to use . . . means [other than the submission formula] to determine a suitable payout," and when exercising its authority to make the "final decision on any over maximum payments." We find that a failure by the Excellence Committee to properly investigate Kelly's submission for an over-the-maximum commission would violate the implied covenant of good faith and fair dealing, as would any other arbitrary means of decision making used by the Committee. *See Egan v. Mut. of Omaha Ins. Co.,* 24 Cal.3d 809, 169 Cal.Rptr. 691, 620 P.2d 141, 145–46 (Cal. 1979) (In Bank) (insurer's failure to properly investigate its insured's claim breached the implied covenant of good faith and fair dealing); *Cal. Lettuce Growers, Inc. v. Union Sugar Co.,* 45 Cal.2d 474, 289 P.2d 785, 791 (Cal.1955) (In Bank) (when a contract confers on one party a discretionary power affecting the rights of the other, the implied covenant of good faith and fair dealing protects the other party from arbitrary action); *Racine & Laramie, Ltd., Inc. v. Cal. Dep't of Parks Recreation,* 11 Cal.App.4th 1026, 14 Cal.Rptr.2d 335, 340 (Cal.Ct.App.1992) ("[W]hen discretionary powers are vested in one party, an implied term of the contract provides that such powers will not be exercised arbitrarily or in disregard of the purposes of the contract and the interests of the other party.").

To support her claim that SkyTel breached the implied covenant of good faith and fair dealing, Kelly points to the following evidence. She notes that SkyTel's only documents explaining the basis for its decision are the Excellence Committee meeting minutes and a post-it note. The Excellence Committee meeting minutes state: "At the request of the [General

cise its discretionary powers under the com-

pensation agreement.

Manager], Jim Bowen, based on the effort assigned to this account by Steve [Holetz], 50% of Karen Kelly's [Excellence Committee] submission ($93,434) will be paid to Steve." The post-it note, attached to an Excellence Committee summary sheet, reads: "Jim Bowen wants 1/2 to be paid to Karen Kelly and 1/2 paid to Steve Holetz. This is in addition to Steve's [Excellence Committee] submission amount." Vicki Gibson, an Excellence Committee member, testified that she changed her recommendation from awarding Kelly the full amount that Kelly requested to splitting the amount between Kelly and Holetz based upon Jim Bowen's representations regarding their respective efforts.

However, there is evidence that Jim Bowen ("Bowen") did not solicit written statements from Kelly and Holetz regarding their respective contributions to the sales transaction at issue until after the Excellence Committee had already voted on the commissions to be awarded them. Jim Bowen also testified that he never spoke to anyone from the client regarding the respective contributions of Kelly and Holetz. Moreover, he testified that he did not actually recommend that the Excellence Committee split Kelly's requested over-the-maximum commission between Kelly and Holetz. Rather, he testified that he recommended only that they receive equal amounts based upon a statement by Dora Morse, who managed both Holetz and Kelly, that the two "were putting in a tremendous amount of work" on the sales transaction at issue.

Viewing this evidence in the light most favorable to Kelly, the nonmoving party, as we must on summary judgment, we find that the evidence would allow a reasonable fact finder to reach a verdict in Kelly's favor. See Hopper v. City of Pasco, 241 F.3d 1067, 1073–74 (9th Cir.2001). The evidence tends to suggest that the Excel-

lence Committee inadequately investigated Kelly's submission, deciding her over-the-maximum commission exclusively on the basis of Bowen's representations regarding Kelly's and Holetz's respective efforts, representations that Bowen had little basis for making at the time of the Committee vote. The evidence further suggests that the Committee's decision to split Kelly's requested amount between Kelly and Holetz, and to award Holetz his requested amount in full, was also arbitrary in light of Bowen's recommendation that the two receive equal amounts. Accordingly, we hold that Kelly has proffered enough evidence to survive SkyTel's motion for summary judgment on her breach of contract claims brought pursuant to the implied covenant of good faith and fair dealing. We reverse the district court's grant of summary judgment on these claims to the extent that the court's judgment depended on its mistaken conclusion that Kelly could not make out a claim under the implied covenant of good faith and fair dealing. We remand for further proceedings consistent with this memorandum.

II

■ With respect to her promissory fraud claims, Kelly argues that although SkyTel promised that it would pay over-the-maximum commissions in accordance with the submission formula and criteria set forth in the Excellence Committee document, SkyTel in fact never intended to adhere to the formula and criteria. See Cal. Civ.Code § 1710.4 ("A deceit ... is ... [a] promise, made without any intention of performing it."). We find that these claims must fail because the Excellence Committee document clearly states that SkyTel reserves "the right to use ... means [other than the submission formula] to determine a suitable payout" and "the right to modify or change the criteria at any time." Although we hold that Sky-

Tel's exercise of these rights is subject to the implied covenant of good faith and fair dealing, the fact that SkyTel reserved these rights shows that the company never promised to adhere to the formula and criteria in all cases. We therefore affirm the district court's grant of summary judgment in SkyTel's favor on Kelly's promissory fraud claims. *See Guidroz–Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir.2001) (summary judgment may be affirmed on any ground supported by the record, even if not relied upon by the district court).

REVERSED IN PART, AFFIRMED IN PART. EACH PARTY IS TO BEAR ITS OWN COSTS.